# Richmond

## ALICE R. JAMES v. THE UNION MISSION.

December 2, 1974.

Record No. 731041.

Present, All the Justices.

*William E. McCardell, Jr. (Crenshaw, Ware & Johnson,* on brief), for plaintiff in error.

*Palmer S. Rutherford, Jr. (Rixey & Rixey,* on brief), for defendant in error.

*Per Curiam.*

The plaintiff, Alice R. James, appeals from a judgment order entered on a jury verdict denying her a recovery for bodily injuries sustained in an automobile crash on December 8, 1972.

Plaintiff's single assignment of error is that the trial court erred in refusing to grant plaintiff a last clear chance instruction which she requested.

Plaintiff testified that she stopped her car in Dozier Lane before entering Virginia Beach Boulevard (Boulevard), an arterial street. She then observed defendant's eastbound truck approximately two blocks west of the intersection of Boulevard and Dozier Lane. She proceeded into the intersection intending to cross the eastbound lane of Boulevard and to turn left (west) on Boulevard. Her car stalled partly in the eastbound lane and partly in one of the westbound lanes of the three-lane highway. The defendant's truck was then approximately one block away. While attempting to start her car, plaintiff observed the

defendant's truck about 200 feet away proceeding toward her at approximately 50 miles per hour. She waved her hand in an effort to signal the defendant's driver but he did not stop or change his course to avoid the wreck.

The only other eyewitness who testified about the crash was defendant's driver, Douglas Small. Small stated that he first observed plaintiff's car as she drove along Dozier Lane toward the intersection. He placed his own vehicle approximately 200 feet west of the intersection at that time. He said his speed was about 35 or 40 miles per hour. Small further testified that plaintiff stopped her car with approximately one half of its length extended onto Boulevard so as to block approximately one third of the eastbound lane. Seeing that plaintiff was stopped, Small, who was then 150 feet away, blew his horn and pulled to his left but did not reduce his speed. Small stated that plaintiff suddenly drove her car in front of him when he was only 30 feet west of the point where the vehicles collided. Small applied his brakes and turned to his right in an effort to avoid the crash but was unable to do so.

We find no error in the refusal of plaintiff's last clear chance instruction. According to the evidence of the plaintiff, she was free from fault, and the defendant's agent was guilty of negligence solely causing the accident. According to the evidence of the defendant, its agent was either free from fault or without a last clear chance to avoid the accident, and the plaintiff was guilty of negligence either solely or contributorily causing the collision. Thus, the doctrine of last clear chance was not applicable, and the case should have been decided, as it was, upon ordinary principles of negligence, contributory negligence, and proximate cause. *Eisenhower* v. *Jeter, Adm'x*, 205 Va. 159, 164, 135 S.E.2d 786, 789 (1964).

*Affirmed.*